IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HEIDI LEPP, et al,<br><br>Plaintiffs,<br>v.<br><br>SOUTH SALT LAKE POLICE DEPARTMENT, et al,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING IN PART PLAINTIFFS' MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER<br><br><br>Case No. 2:25-CV-675 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Ex Parte Motion for Emergency Temporary Restraining Order.[1] For the reasons discussed below, the Court will deny Plaintiffs' Motion to the extent it seeks ex parte relief.

I. BACKGROUND

Plaintiffs are ordained ministers associated with the Sugarleaf Church ("Plaintiffs"). Defendants include state and local government law enforcement agencies, officials, and employees. Plaintiffs' Complaint asserts Defendants conducted unlawful raids of branches two of the Sugarleaf Church in violation of the Religious Freedom Restoration Act ("RFRA") and the First, Fourth, and Fourteenth Amendments to the Constitution, among other laws.[2]

Plaintiffs assert the following: The Sugarleaf Church is a "non-denominational, religious institution" that practices "[s]acramental use of Cannabis and Psilocybin Mushrooms."[3] On August 5, 2025, South Salt Lake police officers "conducted armed military style unannounced

---

[1] Docket No. 3.

[2] Docket No. 1.

[3] *Id.* ¶¶ 17–18.

1

raids" of two separate branches of the Sugarleaf Church: Salt City Sanctuary and Blackhouse Sanctuary.[4] During the raid of the Blackhouse Sanctuary, officers seized sacramental property, mocked and degraded members, and declined to properly store the property at issue. During the raid of the Salt City Sanctuary, officers seized "all sacred Sacraments, blank checkbooks, printed RFRA waivers, clergy rosters, . . . [c]ash donations, iPads, membership records," and "other protected religious documentation."[5] Additionally, during this raid Plaintiff Rev. Joshua Roberts was arrested and booked into Salt Lake County Jail, where he was held overnight before being released.

Plaintiffs filed their Complaint on August 12, 2025. The same day, they filed their Ex Parte Motion for Emergency Temporary Restraining Order seeking: "[a]n immediate injunction prohibiting Defendants from interfering with Sugarleaf Church's RFRA-protected practices, including use of Cannabis and Psilocybin Sacraments;" the return of all property seized during the raids; "[a] prohibition on further raids or harassment pending a preliminary injunction hearing;" an order from the Court requiring Defendants to participate in a "religious sensitivity training" taught by Plaintiffs; and any further relief deemed just by the Court.[6]

## II.  DISCUSSION

A temporary restraining order and a preliminary injunction share the same standard.[7]

> To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the

---

[4] *Id.* ¶¶ 36, 38.

[5] *Id.* ¶ 56.

[6] Docket No. 3, ¶ 7.

[7] *Bachman By & Through Bachman v. W. High Sch.*, 900 F. Supp. 248, 250 (D. Utah 1995) *aff'd* 132 F.3d 542 (10th Cir. 1997).

preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.[8]

Federal Rule of Civil Procedure 65(b)(1) provides that a court may issue a temporary restraining order without notice to the adverse party

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Regarding the first requirement, Plaintiffs did not attach an affidavit or verified complaint to their ex parte Motion. Plaintiffs have filed elsewhere on the Docket the affidavits of Plaintiffs Rev. Heidi Grossman-Lepp,[9] Rev. Joshua Roberts,[10] and Rev. Aaron O'Connor,[11] along with Addison Ellen Winter,[12] a member and spiritual guide of the Sugarleaf Church. It is unclear if the affidavits were meant to be submitted in support of the ex parte request, however, for sake of completeness, the Court has reviewed the affidavits in search of support for Plaintiffs' ex parte request. The affidavits primarily detail events occurring before the raids at issue, the affiants' respective experiences during the raids, and the harms caused thereby. Vaguely supporting irreparable injury or damage, Addison Winter's affidavit states generally that "[w]ithout these Sacraments, [she] cannot facilitate ceremonies, assist members in spiritual healing, or maintain the religious practices central to [her] faith." However, this unspecific statement does not, without more, "clearly show that immediate and irreparable injury, loss, or damage will result to

---

[8] *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

[9] Docket No. 8 (SEALED).

[10] Docket No. 1-6.

[11] *Id.*

[12] *Id.*

3

the movant before the adverse party can be heard in opposition." The Court did not find other statements included in the affidavits asserting immediate and irreparable injury, loss, or damage.

Regarding the second requirement, Plaintiffs have not employed an attorney to represent them in this case. However, in support of their ex part request, Plaintiffs represent that they informed Defendants of their "intent to seek relief" on August 6, 2025, but further notice has not been given to Defendants. Plaintiffs assert that further notice should not be required due to the following: risk of destruction of evidence; the safety interests of church members; ongoing spiritual harm caused by the prevention of daily religious practices; and the risk of escalating harassment of church members by Defendants.

These arguments are largely undercut by Exhibit E to the Complaint,[13] which is a copy of two letters, dated August 6, 2025, addressed to numerous Defendants. The letters explain the purported illegality of Defendants actions, demand correction of the actions, among other demands, and make clear Plaintiffs' willingness to engage in litigation to correct the alleged injustices. Accordingly, any of the stated risks Plaintiffs seek to avoid by making Defendants aware of the Plaintiffs' position would have already been undertaken by the August 6 letters, and do not justify an ex parte injunction.

Because Plaintiffs have not met the requirements of Rule 65(b)(1), the Court will deny Plaintiff's request for an ex parte restraining order. The Court will instead order Plaintiffs to serve Defendants and impose a briefing schedule on the Motion for a temporary restraining order.

---

[13] Docket No. 1-7.

## III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Ex Parte Motion for Emergency Restraining Order (Docket No. 3) is DENIED in part. It is further

ORDERED that Plaintiffs are to serve Defendants with a copy of the Complaint and their Motion within seven (7) days of this Order. Plaintiffs are further instructed to file proof of such service with the Court. It is further

ORDERED that pursuant to DUCiv 7-1(a)(4)(C), Defendants shall have 14 days from the date of service to file a response, and Plaintiffs shall have 14 days from the date of the response to file a reply.

DATED this 13th day of August, 2025.

BY THE COURT:

_____
Ted Stewart
United States District Judge