### UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| **HEIDI LEPP, AARON O'CONNER, JOSHUA ROBERTS,** | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| **Plaintiffs,** | |
| | **Case No. 2:25-cv-00675** |
| **v.** | |
| | **District Court Judge Ted Stewart** |
| **SOUTH SALT LAKE POLICE DEPARTMENT, et. al.,** | **Magistrate Judge Dustin B. Pead** |
| **Defendants**. | |

Plaintiffs Heidi Lepp, Aaron O'Conner and Joshua Roberts (collectively, Plaintiffs),

proceeding pro se, without counsel, filed this action against Defendants South Salt Lake Police

Department, Utah State Bureau of Investigation, Utah Attorney General's Office, Utah

Department of Agriculture and Food Cannabis Program, Salt Lake County District Attorney's

Office, Jack Carruth, Sean D. Reyes, Sim Gill, Thomas Burnham, C. Felix Gary Perea, Derek E.

Brown and Tom Smart (collectively, Defendants) on August 12, 2025.[1]  Plaintiffs now move for

appointment of legal counsel.[2]

Although defendants in criminal cases have a constitutional right to representation by an

attorney,[3] "there is no constitutional right to appointed counsel in a civil case."[4] Appointment of

---

[1] ECF No. 1, Complaint.

[2] ECF No. 31, Motion for Appointment of Counsel.

[3] *See* U.S. Const. amend. VI; Fed. R. Crim P. 44.

[4] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989).

counsel in civil cases is left to the court's discretion.[5] Indigent parties in civil cases may apply

for appointment of counsel under 28 U.S.C. § 1915(e)(1) (*in forma pauperis* statute), which

allows a court to "request an attorney to represent any person unable to afford counsel."[6] Under

the statute, the applicant has the burden to convince the court that his or her claim has sufficient

merit to warrant the appointment of an attorney.[7] When deciding whether to appoint counsel, the

court must "give careful consideration to all the circumstances with a particular emphasis upon

certain factors that are highly relevant to a request for counsel."[8] Those factors include: "the

merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's

ability to present [the] claims, and the complexity of the legal issues raised by the claims."[9]

Plaintiffs motion the court to appoint counsel, arguing the case presents "exceptional

circumstances" in which the appointment of counsel is "essential to ensure [their] statutory and

constitutional victims' rights are vindicated."[10] As an initial matter, however, Plaintiffs paid the

civil filing fee.[11] As a result, because they have not demonstrated they lack the ability to afford

their own counsel they are not entitled to appointment of counsel under the *in forma pauperis*

statute. Nonetheless, to the extent the court could consider the merits of Plaintiffs' claims,

Plaintiffs fail to meet their burden under the above mentioned relevant factors.

---

[5] *Shabazz v. Askins,* 14 F.3d 533, 535 (10th Cir. 1994).

[6] 28 U.S.C. § 1915(e)(1).

[7] *McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985).

[8] *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (internal citation omitted).

[9] *Id.*

[10] ECF No. 31 at 2-3.

[11] ECF No. 1, Receipt No. 11084.

While the factual and legal issues in this case appear somewhat complex, upon review, Plaintiffs show a keen "ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion."[12] Indeed, Plaintiffs have filed numerous motions as well as timely responses to Defendant's filings and, at this juncture, Plaintiffs appear capable of advocating on their own behalf. More importantly, Plaintiffs also fail to demonstrate the critical issue of whether their claims have merit and at this juncture the meritoriousness of their claims remains undecipherable.

For these reasons, the court denies Plaintiffs' motion for appointment of counsel without prejudice.[13] Yet given the matters at issue, the court recognizes that appointed counsel may subsequently become appropriate or necessary. Thus, as the case progresses, if it appears counsel may be of further specific help, Plaintiffs may renew their motion for appointment.

DATED this 27th day of October, 2025.

BY THE COURT:

_____

Dustin B. Pead
United States Magistrate Judge

---

[12] *Sandoval-Ochoa v. United States,* 2017 U.S. Dist. LEXIS 57112, at *1 (D. Utah April 13, 2018) (unpublished) (alteration in original) (internal quotation marks omitted).

[13] ECF No. 2.